IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARCHITECTURAL IRON WORKERS' LOCAL  )
NO. 63 WELFARE FUND, ARCHITECTURAL  )
IRON WORKERS' LOCAL NO. 63 DEFINED  )
CONTRIBUTION PENSION FUND, and the  )
ARCHITECTURAL METAL TRAINEE SCHOOL  )
FOR LOCAL NO. 63 AND THE IRON LEAGUE OF  )
CHICAGO, INC.  )

SALLY NUTINI, TIMOTHY BELL,  )
STEVEN PEPPA, RAYMOND DEAN, BRUCE  )
MADIAR, AND RICHARD ROWE, as Trustees of the  )
ARCHITECTURAL AND ORNAMENTAL IRON  )
WORKERS' LOCAL NO. 63 WELFARE FUND,  )

GEORGE CHRISTOS, TIMOTHY BELL,  )
SALLY NUTINI, BRUCE MADIAR, STEVEN  )
PEPPA, RAYMOND DEAN, as Trustees of the  )
ARCHITECTURAL IRON WORKERS'  )
LOCAL NO. 63 DEFINED CONTRIBUTION  )
PENSION FUND,  )

ARCHITECTURAL and ORNAMENTAL IRON  )
WORKERS' UNION LOCAL NO. 63,  )

                    Plaintiffs,  ) CASE NO.

    v.  ) JUDGE:

FIRST AMERICAN FENCE, LLC. and DAVID  )
CASTELLANOS d/b/a First American Steel, LLC  )

                    Defendant.  )

07CV6441
JUDGE GUZMAN
MAG. JUDGE NOLAN

FILED
NOV 14 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs, the ARCHITECTURAL IRON WORKERS LOCAL NO. 63 TRUST FUNDS, et al., by its attorney, Frank A. Marco and the law firm of Gregorio & Associates, complain of

the Defendant, FIRST AMERICAN FENCE, LLC and DAVID CASTELLANOS d/b/a First American Steel, LLC.

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The ARCHITECTURAL AND ORNAMENTAL IRON WORKS LOCAL NO. 63 WELFARE FUND, et. al. (collectively referred to as the "Local 63 Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, ("Local 63 Union").

3. The Local 63 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4. The Trust Funds are administered at in Oak Brook, Illinois and venue is proper in the Northern District of Illinois.

5. The Defendants are an employer engaged in an industry affecting commerce which entered into an Agreement (**Exhibit A**) whereby they agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendants to pay fringe benefits to the Trust Funds.

6. The Agreement and the Collective Bargaining Agreements also bind the Defendants to the provisions of the Agreement and Declarations of Trust which created the Iron Workers' Local No. 63 Trust Funds ("Trust Agreements").

7. The Defendants are required to make contributions to the Local 63 Trust Funds for each hour worked by its Iron Worker employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendants are required to make contributions to the Local 63 Union measured by the hours worked by Iron Worker employees and/or Local 63 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreement for the Assessment Fund and IPAL. The Defendants are also liable for subcontracting iron work to a company which does not pay the contributions.

8. The Defendants, FIRST AMERICAN FENCE, LLC. and DAVID CASTELLANOS d/b/a First American Steel LLC, breached the provisions of the CBA and Trust Agreements by failing to submit contributions for September and October 2007 as well as failing to submit contributions to the IMPACT and industry promotion funds for the months of May, June, and July 2007.

9. The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

10. As a result of said breach, the Defendants are also liable to the plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

 a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2); and either

 b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

 c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That the Defendants be ordered to pay contributions for the months of September and October 2007.

B. That the Defendants be ordered to pay contributions to the IMPACT and industry promotion funds for the months of May, June, and July 2007.

C. That the Defendants be ordered to pay the attorney fees and costs incurred by the Plaintiffs.

D. That the Defendants be ordered to pay liquidated damages and interest or double interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants cost.

By: _____
FRANK A. MARCO

Frank A. Marco
Gregorio & Associates
Attorney for Plaintiffs
Two N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343

## MEMORANDUM OF AGREEMENT

THIS ACCEPTANCE AGREEMENT made and entered into by and between _1st American Steel LLC_ (hereinafter referred to as "Employer") and ARCHITECTURAL AND ORNAMENTAL IRON WORKERS UNION LOCAL #63, AFL-CIO (hereinafter referred to as "Union").

In consideration of the mutual promises made to each other, the parties hereby agree as follows:

1. The undersigned Employer has examined the collective bargaining agreement (the "Agreement") currently in effect between ARCHITECTURAL AND ORNAMENTAL IRON WORKERS UNION LOCAL #63, AFL-CIO and IRON LEAGUE OF CHICAGO, INC. (the "Association"). The Employer hereby accepts and becomes bound as a party to the Agreement in its entirety, which is incorporated by reference as if set forth fully herein. The Employer further agrees to be bound by any subsequent successors, renewals, amendments, modifications, replacements and addenda to the Agreement unless this acceptance agreement is timely terminated in accordance with the provisions below. The Employer agrees that the Union's notice to the Association of intent to terminate, open or modify the underlying Agreement shall be considered as notice to the undersigned.

2. This acceptance agreement may be terminated by either party giving written notice of termination to the other by registered letter not less than 120 days and not more than 150 days prior to the current expiration date of the underlying Agreement, its successor or renewal, such termination to become effective as of the applicable expiration date.

3. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Agreement and agrees to and is hereby bound by and considered to be a party to the Agreements and Declarations of Trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it has been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the Employer Trustees, who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trust, and where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

4. The Employer acknowledges and agrees that the Union is authorized to, and represents a majority of the Employer's employees in the bargaining unit covered by this Agreement, the Employer recognizes the Union as the exclusive collective bargaining agent under Section 9(a) of the NLRA for all employees within the bargaining unit on all present and future jobs within the Union's jurisdiction. This voluntary recognition shall continue in effect after termination of this acceptance agreement until such time as the Union is finally decertified following an NLRB election initiated by the employees, and the Employer hereby agrees that it will not request an NLRB election and expressly waives any right it may have to do so.

IN WITNESS WHEREOF, the parties have executed this agreement the __8__ day of _March_, 2007.

EMPLOYER:
By: _(Signature)_
Printed: David Castellanos
Title: President
Address: 700 Chase St
City: Gary State: IN ZIP: 46404
Phone: 218-944-9040

ARCHITECTURAL AND ORNAMENTAL IRON WORKERS UNION LOCAL #63
By: _(Signature)_
Title: Business Agent
Fax: 269-944-9041

EXHIBIT A